UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM P. GREENE, | : | |
| | : | |
| Plaintiff, | : | NO. 3:04CV658 (MRK) |
| | : | |
| v. | : | |
| | : | |
| THOMAS WRIGHT, et al., | : | |
| | : | |
| Defendants. | : | |

# RULING

In this action, Plaintiff William P. Greene brought suit against twenty-three state employees under 42 U.S.C. §§ 1983 and 1985(3) for alleged violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights following his arrest on July 20, 2003, and a subsequent state prosecution. On September 21, 2005, this Court issued a Memorandum of Decision [doc. # 87] denying Plaintiff's request for a preliminary injunction and dismissing Plaintiff's claim of malicious prosecution, all Plaintiff's claims under 28 U.S.C. § 1985(3), and Plaintiff's claims against Ms. Baron, Judge Damiani, Ms. Dearington, Judge Fasano, Ms. Velazquez, Mr. Waddock, and Ms. Wilensky. The Court denied the motions to dismiss of Defendants Karen Diaz, Diane Langlan, Steven Yachtis, and Adriana Venegas but only to the extent of Mr. Greene's § 1983 claim for violations of his right to a fair trial.

On October 21 and November 10, 2005, State Defendants Diaz, Langlan, Yachtis, and Venegas, and Plaintiff Mr. Greene moved this Court in separate motions [docs. ## 92, 94] to reconsider its ruling on the Motion to Dismiss [doc. # 87]. On March 23, 2006, the Court issued a Ruling [doc. # 99] granting State Defendants' Motion for Reconsideration [doc. # 92] and dismissing Mr. Greene's remaining claims against them because Mr. Greene had not shown good cause for his

prolonged failure to effect proper service despite being repeatedly alerted to the defects in service of process endangering his suit, and also because he had failed to state a claim against Ms. Langlan. The Court's March 23 Ruling [doc. # 99] also denied Mr. Greene's Motion for Reconsideration [doc. # 94] because it merely rehashed the allegations of his Second Amended Complaint, improperly attempted to inject new factual allegations not found in the Second Amended Complaint, and provided no legal basis for altering the Court's determination.

Mr. Greene now moves the Court to reconsider its reconsideration of its dismissal of the suit against State Defendants, and also requests that the Court assist him in obtaining the home addresses of State Defendants, extend the time for him to effectuate service, and grant permission for him to amend his charges against Defendant Diane Langlan. *See* Motion to Obtain Home Addresses of State Defendants, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 101];[1] Motion to Amend Charges Against Diane Langlan [doc. # 103]. For the reasons explained below, the Court DENIES Mr. Greene's Motion to Obtain Home Addresses and for Reconsideration [doc. # 101] and also DENIES Mr. Greene's Motion to Amend Charges Against Diane Langlan [doc. # 103].

---

[1] The Court notes that Mr. Greene has filed a Correction to Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 102], which requests permission to amend the Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 101]. The Court GRANTS the Correction to Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 102]. Accordingly, when the Court refers to the Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 101], the reference is to that motion as amended.

I.

As recounted in detail in this Court's prior Ruling [doc. # 99], Mr. Greene has been on notice of the fact that there might be a problem with the service of process in this action for well over a year, ever since State Defendants filed their Memorandum in Support of the Motion to Dismiss the Amended Complaint [doc. # 48] in February 2005. Despite this warning, Mr. Greene failed to rectify the deficiency of process when serving his Second Amended Complaint, which was left with individuals other than State Defendants at their places of work, rather than at State Defendants' "usual place[s] of abode," as required by Federal Rule of Civil Procedure 4(e) and Connecticut General Statutes § 52-57. Accordingly, State Defendants reasserted their allegations of improper service in a Motion to Dismiss the Second Amended Complaint [doc. # 82] filed in July 2005, once again alerting Mr. Greene to the necessity of effecting personal service. In September 2005, the Court issued a Memorandum of Decision [doc. # 87] that must have brought home to Mr. Greene the necessity of complying with Rule 4(m) because it dismissed Mr. Greene's action against Defendant Dearington for failure to effect personal service. State Defendants drove home this message in October 2005, filing a Motion for Reconsideration [doc. # 92] arguing for dismissal on the grounds of insufficient service of process.

Thus, Mr. Greene received ample and repeated notice of the need to effect personal service on State Defendants, but neither attempted to do so nor applied to the Court for assistance or additional time. Although Mr. Greene asserts that he could not effect personal service because he did not have the addresses of the State Defendants, it was only in April 2006, over a year after the requirement of personal service was first brought to his attention, and well after the expiration of the 120-day deadline for service under Rule 4(m), that Mr. Greene first requested an extension of time

to effect service and requested this Court's assistance in obtaining State Defendants' home addresses. Similarly, Mr. Greene offers no explanation for why, despite the fact that the parties have been engaged in discovery and Mr. Greene has been actively taking depositions, he has been unable to obtain State Defendants' addresses through the discovery process. Under these circumstances, the Court perceives no basis to reconsider its decision to dismiss Mr. Greene's Second Amended Complaint against unserved State Defendants Diaz, Yachtis, and Venegas pursuant to Rule 4(m). Mr. Greene's requests for further time to effect service and for assistance in obtaining the home addresses of these Defendants are therefore moot. Accordingly, the Court DENIES Mr. Greene's Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 101].

Mr. Greene's Motion to Amend Charges Against Diane Langlan [doc. # 103] also falls victim to Mr. Greene's failure to effectuate proper service. While it is true that in its prior ruling [doc. # 99] the Court advised Mr. Greene that he could request leave to amend his allegations against Ms. Langlan, it conditioned such permission on proof that Ms. Langlan had been properly served, expressly warning Mr. Greene that Ms. Langlan would "be terminated as a defendant in this suit on April 24, 2006, unless Mr. Greene submits before that date a Third Amended Complaint correcting the deficiency in his charges against her along with proof that she was properly served with the Second Amended Complaint." *See* Ruling [doc. # 99] at 5. Mr. Greene has neither complied with the Court's directive nor, as discussed above, shown good cause for failure to effect proper service. Accordingly, Mr. Greene's Motion to Amend Charges Against Diane Langlan [doc. # 103] is DENIED and Ms. Langlan is terminated from this suit.

**II.**

For the foregoing reasons, the Court enters the following orders:

1. Mr. Greene's Correction to Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 102] is GRANTED;

2. Mr. Greene's Motion to Obtain Home Addresses of State Defendants, to Effectuate Proper Service, for Extension of Time to Effectuate Service, and for Reconsideration Regarding Dismissal of State Defendants [doc. # 101] is DENIED;

3. Mr. Greene's Motion to Amend Charges Against Diane Langlan [doc. # 103] is DENIED, and the Clerk is directed to terminate Defendant Diane Langlan.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: <u>June 12, 2006</u>**.