UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM P. GREENE, | : | |
| | : | |
| Plaintiff, | : | NO. 3:04CV658 (MRK) |
| | : | |
| v. | : | |
| | : | |
| THOMAS WRIGHT, et al., | : | |
| | : | |
| Defendants. | : | |

### RULING

Pending before the Court are *pro se* Plaintiff William Greene's third Motion for Reconsideration [doc. # 113] of this Court's dismissal of State Defendants for failure to effect proper service, his Motion to Overturn Plaintiff's Conviction [doc. # 112], and his Motion for Procedural and Substantive Due Process Review of Protective Order [doc. # 115]. The Court assumes familiarity with the factual and procedural background recounted in its two prior rulings denying Mr. Greene's requests for reinstatement of dismissed State Defendants, *see* Rulings [docs. ## 99, 110], as well as its Memorandum of Decision [doc. # 87] granting in part State Defendants' Motion to Dismiss [doc. # 47] and denying Mr. Greene's Motion for Preliminary Injunction [doc. # 49]. With that background assumed, the Court will address each of Mr. Greene's current motions in turn. For the reasons explained below, Mr. Greene's motions are DENIED.

**I.**

As the Court has now explained on two occasions, there is no merit to Mr. Greene's request for reconsideration of this Court's order dismissing his claims against the State Defendants. Mr. Greene was put on notice of the fact that there might be a problem with service of process in this action on at least four occasions during 2005: in February 2005 (when State Defendants filed their

Memorandum in Support of the Motion to Dismiss the Amended Complaint [doc. # 48]); in July 2005 (when State Defendants filed their Motion to Dismiss the Second Amended Complaint [doc. # 82]); in September 2005 (when the Court issued a Memorandum of Decision [doc. # 87] that dismissed Mr. Greene's action against Defendant Dearington for failure to effect proper personal service within the allotted time); and in October 2005 (when State Defendants filed their Motion for Reconsideration [doc. # 92] again arguing for dismissal on the grounds of insufficient service of process). Despite this ample and repeated notice of the need to effectuate service on the State Defendants at their homes rather than at their places of work, Mr. Greene neither corrected the defect, nor applied to the Court for assistance or additional time until April 2006 – over a year after the requirement of personal service was first brought to his attention, and well after the expiration of the 120-day deadline for service under Rule 4(m) of the *Federal Rules of Civil Procedure*. Mr. Greene also offered no explanation for why he had been unable to obtain the home address of State Defendants through the ordinary process of discovery, in which Mr. Greene had otherwise taken active part.

  In his third Motion for Reconsideration [doc. # 113], Mr. Greene asserts for the first time that he was informed by an unidentified district court clerk that service on State Defendants at their place of work would be adequate, that he consequently believed he had satisfied his obligations with respect to services of process, and that the Court should give him additional time to correct the defect of service because a *pro se* plaintiff is entitled to a "certain degree of leniency so as to ensure that his case is resolved on the merits rather than on the basis of procedural technicalities," *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991). The Court is sympathetic to the position of *pro se* litigants, who must navigate the often difficult waters of federal procedural law. That is why in this

case, as in all similar cases, the Court has taken particular pains to describe the requirements of the federal rules and to give Mr. Greene ample opportunity to comply with those rules.

However, in the Court's view, the procedural history recounted in its prior rulings on this issue, and for a third time above, clearly demonstrates that Mr. Greene could not have believed that his obligations with respect to service of process had been satisfied, that he has already enjoyed at least the "certain degree of leniency" recommended by the *Poulakis* court, and that he is entitled no additional indulgence. If Mr. Greene is capable of locating and citing case law for the proposition that his dilatory responses to procedural problems may be excused, and of importuning the Court with repeated motions for reconsideration, he must also be presumed capable of comprehending four separate warnings of the need to effect timely service on State Defendants at their homes. Accordingly, Mr. Greene's third Motion for Reconsideration [doc. # 113] is DENIED, and his claims against State Defendants remain dismissed without prejudice to renewal upon proper effectuation of service. At this point, if Mr. Greene continues to disagree with the Court – as is his prerogative – the Court would strongly urge him to pursue his arguments on appeal to the United States Court of Appeals for the Second Circuit rather than filing any further motions for reconsideration.

## II.

In addition to his motion for reconsideration, Mr. Greene has filed two motions addressing the validity of the state court proceedings underlying his Complaint. In his Motion to Overturn Plaintiff's Conviction [doc. # 112], Mr. Greene asks this Court to vacate his state-court conviction for third degree assault and second degree unlawful restraint, on the grounds that his plea of *nolo contendere* to these charges was contrived through intimidation. In his Motion for Procedural and Substantive Due Process Review of Protective Order [doc. # 115], Mr. Greene challenges (under the

3

Due Process Clause) the constitutionality of a Temporary Restraining Order entered against him by a state court judge in 2003, following his wife's allegations of physical and sexual abuse.

Federal courts other than the United States Supreme Court "possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970).  Although lower federal courts are authorized to hear collateral challenges to state court judgments under certain circumstances, nothing in Mr. Greene's motions indicates that he meets the requirements for review of the complained-of state court decisions by way of the writs of habeas corpus or coram nobis.[1] Among other things, it does not appear that Mr. Greene made any attempt to appeal the state court decisions at issue through the state court system, which is a prerequisite to federal district court review of state proceedings via either habeas corpus or coram nobis.  *See, e.g.*, *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) ("[T]o obtain *coram nobis* relief a petitioner must demonstrate that . . . sound reasons exist for failure to seek appropriate earlier relief" (italics in original)); *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) ("Before a federal court may grant habeas relief . . . [a petitioner] must exhaust his or her state court remedies . . . [in order to] avoid[] the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."). Accordingly, Mr. Greene's  Motion to Overturn Plaintiff's Conviction [doc. # 112] and Motion for Procedural and Substantive Due Process Review of Protective Order [doc. # 115] are DENIED.

---

[1] The Court also notes that it is unclear whether *coram nobis* can even be used in federal court to attack a state court judgment. The Third, Fourth, Fifth, Seventh, and Tenth Circuits have all held that a defendant "can seek coram nobis relief [for a state court conviction] only in state court." *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (collecting cases from the Fourth, Fifth, Seventh and Tenth Circuits). However, the Second Circuit has not yet squarely addressed the issue.


### III.

For the foregoing reasons, the Court enters the following orders:

1. Mr. Greene's Motion to Reconsider the Court's Dismissal of State Defendants [doc. # 113] is DENIED;

2. Mr. Greene's Motion to Overturn Plaintiff's Conviction [doc. # 112] is DENIED;

3. Mr. Greene's Motion for Procedural and Substantive Due Process Review of Protective Order [doc. # 115] is DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: June 27, 2006**.

