# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| WILLIAM P. GREENE, | : | |
| | : | |
| Plaintiff, | : | NO. 3:04CV658 (MRK) |
| | : | |
| v. | : | |
| | : | |
| THOMAS WRIGHT, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>RULING AND ORDER</u>

Presently pending before the court is Plaintiff's Motion to Compel [doc. # 111], in which *pro se* Plaintiff William Greene seeks to compel Defendants Dennis Boucher and William Fountain to respond to certain interrogatories and document requests.  In essence, Mr. Greene asserts that Defendant Boucher has not responded at all to discovery requests that Mr. Greene claims were served in March and that Defendant Fountain's objections to Mr. Greene's discovery requests are improper.  For their part, Defendants dispute that Mr. Greene served any request on Defendant Boucher in March, object to Plaintiff's failure to sign his discovery requests as required by Rule 26(g) of the *Federal Rules of Civil Procedure*[1] and further contest Mr. Greene's failure to engage in the good faith discussions required by District of Connecticut Local Rule 37(a)(2)[2] and the

---

[1]  Rule 26(g) provides in pertinent part that "[e]very discovery request, response, or objection made by a party . . . shall be signed" by either counsel for the party if he is represented or if unrepresented, by the *pro se* party himself.

[2]  Rule 37(a)(2) provides that no motion made under Rules 26-37 of the *Federal Rules of Civil Procedure* shall be filed unless the party making the motion has conferred with his opponent "in detail in a good faith effort to eliminate or reduce the are of controversy, and to arrive at a mutually satisfactory resolution."

telephonic conference requirements of the Court's Scheduling Order [doc. # 59].[3]

This Court takes a practical approach to discovery disputes, recognizing that Rule 1 of the *Federal Rules of Civil Procedure* states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."   To that end, and in view of the dispute about when or whether Defendant Boucher was served with the March set of discovery requests (a dispute that this Court need not resolve) and the fact that Mr. Greene and counsel for the Defendant have not yet held their good faith conference to resolve differences regarding Defendant Fountain's objections, the Court enters the following orders:

1.   Mr. Greene will re-serve on Defendant Boucher a *signed* copy of the March 2006 discovery requests;

2.   Defendant Boucher will answer or object to the re-served discovery requests in a timely fashion;

3.   Mr. Greene will provide counsel for Defendant Fountain with a signed copy of the discovery requests to which Defendant Fountain has already responded.

4.   Counsel for Defendants and Mr. Greene will speak in person or by telephone in a good faith effort to resolve any differences regarding objections to any of Mr. Greene's discovery requests or a failure by Mr. Greene to respond to Defendants' requests.  No motion under Rule 37 may be made until the parties certify to the Court

---

[3] The Court's initial scheduling contained the following language: "**NOTE: All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022.**" Later scheduling orders omitted this language.

that such good faith discussions have been conducted.

5.      The Court releases all parties of the obligation stated in the initial scheduling order to contact the Court by telephone with discovery disputes.  However, the Court cautions both parties that they must continue to comply with the requirements of Local Rule 37(a)(2), quoted in footnote 2.

As to Mr. Greene, the Court emphasizes that even though he is a *pro se* party, he must nonetheless follow all of the rules – federal and local –  including the rules requiring a signature on all discovery pleadings and a good faith conference before filing discovery-related motions.  *See Collins v. Experian Credit Reporting Serv.*, No. 3:04CV1905, 2006 WL 1668766,  at * 2 (D. Conn. 2006).  As to counsel for Defendants, the Court understands that dealing with a *pro se* party may be difficult at times, but the Court nonetheless expects counsel to be as cooperative and civil as possible and to try to remove, rather than erect, obstacles to the prompt and efficient completion of discovery. Furthermore, if an objection on the basis of burden is made to any discovery request, the Court expects counsel (in the case of the Defendants) or Mr. Greene (in the case of his objections) to provide the requesting party with some information about the extent of the burden imposed by the discovery request as well as suggested alternatives that address the issue of burden and nonetheless provide the requesting party with the discovery contemplated by the *Federal Rules*.  It is the Court's fervent hope and expectation that with good faith and cooperation on both sides, there will be no additional need to burden the Court with discovery-related motions.

Therefore, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion to Compel [doc. # 111].

IT IS SO ORDERED,


/s/      Mark R. Kravitz
        United States District Judge


Dated at New Haven, Connecticut: **August 28, 2006**